Dana Perminas (IL 6298057)
perminas@messerstilp.com
Messer & Stilp, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
Tel: (312) 334-3474
Fax: (312) 334-3434
PRO HAC VICE

Attorneys for Defendants
LAW OFFICE OF JOE PEZZUTO, LLC
CACH, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY PATE, <br><br> Plaintiff, <br><br> vs. <br><br> LAW OFFICE OF JOE PEZZUTO, LLC and CACH, LLC <br><br> Defendants. | CASE NO. 5:13-cv-01419-VAP-DTB <br><br> **JOINT STATUS REPORT** <br><br> Judge:  Hon. Virginia A. Phillips |

Plaintiff WENDY PATE ("Plaintiff") and Defendants LAW OFFICE OF JOE PEZZUTO, LLC and CACH, LLC ("CACH" or "Defendants"; and, LAW OFFICE OF JOE PEZZUTO ("Pezzuto" or "Defendants") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure:

# DATE AND PLACE OF MEETING AND
# IDENTIFICATION OF PARTIES AND THEIR ATTORNEYS

**1. THE DATE AND PLACE AT WHICH THE MEETING WAS HELD.**

The Rule 26(f) meeting took place on March 26, 2014. Plaintiff was represented at the Rule 26(f) meeting by Crosby Connolly, Esq. of Hyde & Swigart, while Defendants was represented by Dana Perminas of Messer & Stilp, Ltd..

**2. NAME OF INSURANCE CARRIERS THAT MAY BE LIABLE FOR THE DEFENSE OR PAYMENT OF ANY DAMAGE AWARD.**

**PLAINTIFF** – None.

**DEFENDANTS** – Defendants have not tendered the above claim to insurance carriers and as a result, there is no insurance carrier that may be liable for defense or payment of any damage award.

# DESCRIPTION OF THE CASE

**1. A CONCISE STATEMENT OF THE JURISDICTIONAL BASIS OF THE CASE, GIVING STATUTORY CITATION AND A BRIEF NARRATIVE DESCRIPTION.**

**Plaintiff** contends that jurisdiction of this Court arises under 28 U.S.C. § 1331. Plaintiff alleges that this action arises out of Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("Rosenthal Act"). Plaintiff resides in California and Defendant's took action against her while she resided in California, thereby bringing themselves into this forum.

**Defendants** contends that this Court lacks jurisdiction over Defendants in this matter because Defendants do not conduct business in the state of California,

do not have sufficient contacts within the state of California and did not purposefully avail themselves of the forum state.

**2. A BRIEF NARRATIVE OF THE FACTS GIVING RISE TO THIS LAWSUIT, INCLUDING A DESCRIPTION OF LEGAL CLAIMS AND DEFENSES.**

**Plaintiff's Statement of the Case:** Pursuant to the instructions of CACH, LLC, Law Office of Joe Pezzuto, LLC (hereafter "Pezzuto") filed a Minnesota State case against Plaintiff in March 2010, Case No. 27-CV11-293. Plaintiff contacted Pezzuto to ask if she needed to file an Answer. Pezzuto instructed Plaintiff that Plaintiff's phone call to Pezzuto would qualify as a response to CACH, LLC's complaint. Subsequently, Plaintiff moved from Minnesota to California in July of 2010. On December 30, 2010, Pezzuto filed a default judgment on behalf of CACH, LLC. Pezzuto, at the direction of CACH, LLC, served a Minnesota Garnishment Summons on Plaintiff's bank provider, Wells Fargo, in Phoenix, Arizona on June 6 2013. Defendants are required to obtain a Domestication of the Sister State Judgment in order to effectuate any collection on the judgment in California pursuant to the Sister State Money-Judgment Act and Cal. Civil Code 1710.10. Defendants did not do so.

Plaintiff alleges that Defendants engaged in actions that define Defendants as debt collectors under the FDCPA. Plaintiff alleges that Defendants acting in this capacity committed multiple violations of the FDCPA and Rosenthal Act., including but not limited to: (i) using a false, deceptive or misleading representation or means in connection with the collection of a debt; (ii) collecting an amount when such amount was not authorized by the agreement creating the debt or permitted by law; and (iii) took or threatened to take nonjudicial action to effect dispossession or disablement of property when there was no present right to

possession of the property claimed as collateral through an enforceable security interest.

**Defendants Statement of the Case:** Defendants contend that no violations of the FDCPA or Rosenthal Act occurred in this matter. Specifically, Defendants deny that any false, deceptive or misleading representations or means were used in connection with the collection of the debt. Defendants further contend any claims in relation to Plaintiff's claim regarding the judgment entered in the Minnesota state court matter are outside of the applicable statute of limitations and are therefore barred. Defendants contend that Plaintiff's claims are barred due to the fact that an agreement existed between the parties which had resolved this matter in its entirety. Defendants further contend that any action taken was expressly permitted by law.

**3. A SUMMARY ITEMIZATION OF THE DOLLAR AMOUNT OF EACH ELEMENT OF THE ALLEGED DAMAGES.**

**Plaintiff claims damages as follows:** Plaintiff is entitled to statutory damages of 1,000.00 pursuant to 1692k(a)(2)(A). Plaintiff is further entitled to reasonable attorney's fees pursuant to 1692k(a)(3) and an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code 1788.30(b).

**Defendant claims damages as follows:** Attorneys' fees and costs under 1692k of the FDCPA as this action has been brought in bad faith and for the purposes of harassment.

**4. A SUMMARY OF SETTLEMENT DISCUSSIONS TO DATE**

Counsel for Plaintiff tendered a settlement demand to Counsel for Defendant. Counsel for Defendant has not yet responded.

## PLEADINGS

**1. A STATEMENT OF WHETHER THE COMPLAINT AND ALL RESPONSIVE PLEADINGS HAVE BEEN FILED, AND WHETHER ANY PARTY PROPOSES TO AMEND ITS PLEADINGS.**

**Plaintiff** – Plaintiff's Complaint has been filed with this Court. Plaintiff does not anticipate amending Plaintiff's Complaint at this time, but requests to reserve the right to do so.

**Defendant** – Defendant has filed an answer. Defendant does not contemplate filing an amended answer at this time.

2. **THE DATE BY WHICH ALL MOTIONS THAT SEEK TO AMEND THE PLEADINGS OR ADD PARTIES WILL BE FILED.**

June 2, 2014.

3. **WHETHER A JURY TRIAL IS AVAILABLE UNDER THE LAW, AND WHETHER A JURY TRIAL HAS BEEN TIMELY DEMANDED.**

Plaintiff has made a timely request for a jury trial. Defendant has not made a demand for a jury trial.

## DISCOVERY PLAN

1. DISCOVERY PLAN

   A. **WHAT CHANGES SHOULD BE MADE IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(A).**

   No changes necessary. Initial disclosures will be exchanged per Court Order. The parties do not anticipate the use of Experts in this matter but will advise the Court if that information changes in the future.

   B. **ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS:**

   **Plaintiffs** - Plaintiff anticipates that Defendants may seek a protective order. Plaintiff would like to have either 1) a protective order in place prior to the Court's

scheduled case management conference; or 2) obtain a waiver from Defendants that they will not be seeking a protective order as to the discovery sought. Plaintiff does not want to be delayed in discovery by Defendant asking for a protective order only after its discovery is due a month from now.

**Defendants** – The Parties will be filing an agreed motion for a protective order to protect confidential trade secrets, business information, and personal financial information.

C. **WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES:**

**Plaintiffs** - No modifications sought.

**Defendant** – No modifications sought.

D. **ANY OTHER ORDERS THAT THE COURT SHOULD ISSUE UNDER RULE 26(C) OR UNDER RULE 16(B) AND (C).**

**Plaintiffs** - No additional changes or modifications sought.

**Defendant** – No additional changes or modifications sought.

**PROPOSED CASE MANAGEMENT DATES**

| MATTER | THE PARTIES REQUEST |
|---|---|
| **DEADLINE TO AMEND PLEADINGS** | June 2, 2014 |
| **DISCOVERY CUT-OFF** | December 5, 2014 |

| | |
|---|---|
| **MOTION FILING DEADLINE** | January 9, 2015 |
| **PRETRIAL CONFERENCE** | February 6, 2015 |
| **TRIAL (EST. 2-3 DAYS)** | April 14, 2015 |

Dated: March 31, 2014                **HYDE & SWIGART**

                                               By:   ____/s/ Crosby Connolly
                                                 CROSBY CONNOLLY, ESQ.
                                                ATTORNEY FOR PLAINTIFF

Dated: March 31, 2014                **MESSER & STILP, LTD.**

                                               By: ____/s/ Dana Perminas
                                                 DANA PERMINAS, ESQ.
                                              ATTORNEY FOR DEFENDANTS

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Crosby Connolly, Esq., counsel for Plaintiff, and that I have obtained Mr. Connolly's authorization to affix his electronic signature to this document.

Dated: March 31, 2014                    **MESSER & STILP, LTD.**

                                         By: ____/s/ Dana Perminas
                                              DANA PERMINAS, ESQ.
                                         ATTORNEY FOR DEFENDANTS